IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,327-01






EX PARTE MACEO WAITES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F10734-A IN THE 115TH JUDICIAL DISTRICT COURT


FROM MARION COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to sixty-five years' imprisonment. The Sixth Court of appeals affirmed the
judgment of the trial court. Waites v. State, No. 06-92-00090-CR (Tex. App. - Texarkana, March 
9, 1993).

 Applicant contends, inter alia, that he was denied the effective assistance of counsel on direct
appeal. Applicant's retained trial counsel filed a motion for new trial and notice of appeal, but did
not request a statement of facts. The court of appeals directed the trial court to hold a hearing to
determine whether Applicant needed to have new counsel appointed for appeal. The trial court
conducted a hearing, at which evidence was presented indicating that Applicant was indigent, and
could not afford to pay for the preparation of a statement of facts or for continued representation by
retained counsel. 

 During the hearing, trial counsel indicated that he would be willing to represent Applicant
on direct appeal if the trial court appointed him to do so, and would be willing to submit the appeal
on the transcript alone, without a statement of facts. Applicant apparently consented to this
procedure, because he had confidence in his attorney and had no money with which to pay for the 
statement of facts. The trial court appointed trial counsel to represent Applicant on direct appeal. 
Thereafter, appellate counsel never filed an appellate brief. The Sixth Court of Appeals, noting that 
neither a statement of facts nor an appellate brief were submitted, reviewed the record and found no
error, issuing a short opinion affirming the judgment of the trial court on March 9, 1993.

 The State responds that Applicant's claim should be barred by the doctrine of laches, because
the passage of approximately sixteen years since the appellate mandate issued has prejudiced the
State's ability to respond to Applicant's allegations. The State points out that the prosecutors and
judge from Applicant's trial are deceased, and that the court reporter has retired. The State did send
a letter to Applicant's trial and appellate counsel on December 3, 2008 requesting an affidavit. 
However, because of the deadlines for the processing of habeas writs when the trial court has not
entered an order designating issues, the writ was forwarded to this Court on January 6, 2009 without
such affidavit.

 Delay alone is no bar to habeas relief. In order to prevail on a laches claim respondent must
make a particularized showing of prejudice in its ability to respond to the allegations in the petition. 
Ex parte Carrio, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999). Although the State asserts that it
will be difficult to address Applicant's habeas claims because of the passage of time, the record does
not contain anything to directly support this assertion of prejudice. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to why appellate counsel, after having been
appointed to represent Applicant on direct appeal, did not request preparation of a statement of facts,
or file an appellate brief in this case. The trial court shall make findings as to whether Applicant was
denied his right to a meaningful appeal because Applicant's counsel failed to request preparation of
a statement of facts or file a brief. 

 The trial court shall also make findings as to whether the State has met its initial burden to
(1) make a particularized showing of prejudice, (2) show that the prejudice was caused by Applicant
having filed a late petition, and (3) show that Applicant has not acted with reasonable diligence as
a matter of law. If the trial court finds that the State has met this initial burden, the trial court shall
afford Applicant an opportunity to demonstrate either that the State actually has not been prejudiced
or that Applicant's delay in pursuing his claims is justified. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 4, 2009

Do not publish